United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CYNTHIA RAY, TDCJ #00453302, §§§§ Petitioner, § VS. § § LORIE DAVIS, Director, Texas § Department of Criminal Justice, § Correctional Institutions Division, §§ Respondent. § | CIVIL ACTION NO. 3:16-CV-258 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Cynthia Ray (TDCJ #00453302), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). She has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 asking this Court to order her release to mandatory supervision. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** for the reasons set forth below.

### I. BACKGROUND

Ray was convicted of murder and sentenced to life in prison in March of 1987 in Harris County (Dkt. 1 at p. 2). She is currently incarcerated in the Carol Young Facility in Galveston County (Dkt. 1 at p. 1). On July 5, 2016, Ray filed a state habeas petition claiming that she was "illegally being denied a mandatory supervision release date" (Dkt. 1 at p. 4). *See* Texas Court of Criminal Appeals Case Number WR-85,363-01. The Texas

Court of Criminal Appeals denied relief without a written order on August 3, 2016. Ray filed this federal habeas petition on September 13, 2016.

## II. LIFE SENTENCES AND MANDATORY SUPERVISION

In her federal habeas petition, Ray argues that she is entitled to be released to mandatory supervision either: (1) when she has completed one-third of her sentence; or (2) when her good time and her flat time added together equal her sentence, whichever comes first (Dkt. 1 at p. 7). However, in Texas, life-sentenced inmates are not eligible for release to mandatory supervision because, as Ray's own request for relief implies, it is impossible to calculate a release date under the applicable statutory scheme—one would have to know exactly how long the prisoner was going to live. *Arnold v. Cockrell*, 306 F.3d 277, 278–79 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327, 327–28 (Tex. Crim. App. 2001). Because Ray is not eligible for release to mandatory supervision, she does not have a Constitutionally protected expectancy of early release; and she does not have a Constitutional claim for which relief can be granted. *Arnold*, 306 F.3d at 278–79. Her petition for federal habeas corpus relief must be denied. *Id.* ("[I]t must be determined if Arnold is eligible for mandatory supervision release. If he is not, Arnold does not have a constitutional claim for which relief can be granted.").

## III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v.*

*Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that her claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. All pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED this 25th day of October, 2016.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE